IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMARA CAMARA,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:26cv814 |
| | ) | **Electronic Filing** |
| **MARKWAYNE MULLIN, TODD BLANCHE, CAMMILLA WAMSLEY, GEO GROUP, INC., LEONARD ODDO,** | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

AND NOW this 9th day of October, 2026, upon due consideration of petitioner's motion to enforce this court's Judgment Order of June 18, 2026, and the parties' submissions in conjunction therewith, IT IS ORDERED that [7] the Judgment Order of June 18, 2026, be, and the same hereby is, vacated as improvidently granted; and

IT FURTHER IS ORDERED that [15] petitioner's motion to enforce and [23] petitioner's motion to expedite be, and the same hereby are, denied as moot.

The entire basis for the relief in the court's Judgment Order of June 18, 2026, was that respondents were detaining petitioner pursuant to 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a). Had the prior adjudication before Magistrate Judge Brown at 3:25cv466-CBB been disclosed in this proceeding, this court would have been aware that petitioner was no longer being held pursuant to 8 U.S.C. § 1225(b)(2) and he was being held pursuant to § 1226(a) based on a final judicial decision of this court. In other words, there was no longer a factual basis to recognize the statutory and constitutional violations under § 1225(b)(2) as reflected in the Judgment Order. Such disclosure also would have led to the revelation that petitioner had already been granted a bond hearing under § 1226(a).

Both of these undisclosed facts would have changed the outcome of the June 18, 2026, adjudication. First, the instant petition would have been reassigned to Magistrate Judge Brown under local case assignment policies and the relief granted would have been denied in light of the prior adjudication at 3:25cv466 (effectively granting the same relief petitioner sought in the instant petition) pursuant to the principles of issue preclusion and/or mootness.

Second, the ordering of a second bond hearing based on the same factual setting would have been improper under Borbot v. Warden Hudson County Correctional Facility, 906 F.3d 274 (3d Cir. 2018). Absent a statutory or constitutional defect in the underlying administrative process, petitioner's recourse from the adverse denial of bond at the first hearing was an appeal to the Board of Immigration Appeals, not the filing of a second habeas petition in this court. And the record is devoid of any such defect, which supplies another fundamental reason why the relief reflected in the Judgment Order of June 18, 2026, was improvidently granted.[1]

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Arnold P. Bernard , Jr., AUSA
Eric Rosenfeld, Esquire

(*Via CM/ECF Electronic Mail*)

[1] Of course, all of this renders petitioner's motion to enforce and motion to expedite moot.